# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| MADONNA WHITUS, | : | HABEAS CORPUS |
| GDC ID 1289798, | : | 28 U.S.C. § 2254 |
|    Petitioner, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:17-CV-1946-TWT-CMS |
| WARDEN SUE MEAKINS, | : | |
|    Respondent. | : | |

## FINAL REPORT AND RECOMMENDATION

This matter is before the Court on an Application for Habeas Corpus Under 28 U.S.C. § 2254 that Madonna Whitus signed and "filed" on April 25, 2017.  *See* [1] at 7.  Whitus acknowledged in her cover letter that she was "late filing this habeas."  *See* [1-1] at 1.  As I noted in an earlier Order, this concession appears to be correct.  *See* [6].  Whitus's 2008 Cobb County convictions for malice murder and related crimes were affirmed on direct appeal in 2010, *see Whitus v. State*, 700 S.E.2d 377 (Ga. 2010), and the first of her two state habeas petitions was not filed until 2012, *see* http://www.gasupreme.us/docket-search/ (last viewed Oct. 11, 2017; searched for "Whitus"), well after the one-year federal limitation period had already expired, *see* 28 U.S.C. § 2244(d)(1), even accounting for the 90-day period within which Whitus might have petitioned for a writ of certiorari.

Nevertheless, because Whitus stated that her former attorney "told [her] that he was going to file [her] habeas, but then he changed his mind," thus suggesting that her tardiness in filing a state petition might be excused because she was "abandoned by counsel," *Maples v. Thomas*, 565 U.S. 266, 271 (2012), I directed her to submit "a supplemental filing."  *See* [6] at 3. Specifically, I directed Whitus to "provide[] a full accounting of her communications with her former attorney regarding his alleged anticipated role in and exit from this federal habeas proceeding, including, without limitation, the specific dates and substance of every communication (with copies attached as exhibits to the supplemental filing when those communications were in writing)." *Id.*

Whitus's response indicates only that attorney Macklyn Smith filed an extraordinary motion for new trial on her behalf in Cobb County Superior Court on April 26, 2016.  *See* [7-1].  There is, for example, no information supporting Whitus's claim that Attorney Smith agreed to file a habeas petition on her behalf.  Furthermore, there is nothing to indicate that Attorney Smith represented Whitus between 2010 and 2012, when she allowed more than one-year to pass after her convictions became final

2

before filing her state habeas petition and thus allowed the one-year federal limitation period to expire.  *See generally Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004) ("A state court filing after the federal habeas filing deadline does not revive it.").

Accordingly, I conclude that Whitus has not adequately alleged an entitlement to relief under *Maples v. Thomas*.

Because Whitus otherwise concedes (and the record of prior proceedings confirms) that her federal habeas petition is untimely, "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court" and this Court "must dismiss the petition."  28 U.S.C. foll. § 2254, Rule 4.

Accordingly, I **RECOMMEND** that Whitus's federal habeas petition be **DISMISSED** and that this case be **CLOSED**.

I further **RECOMMEND** that a Certificate of Appealability be **DENIED** because Whitus does not meet the requisite standard.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (requiring a two-part showing (1) "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," *and* (2) "that jurists of

reason would find it debatable whether the district court was correct in its procedural ruling"); see also Spencer v. United States, 773 F.3d 1132, 1138 (11th Cir. 2014) (en banc) (holding that the Slack v. McDaniel standard will be strictly applied prospectively).

I **DIRECT** the Clerk to terminate the referral of this case to me.

**SO RECOMMENDED AND DIRECTED**, this 12th day of October, 2017.

*[signature: Catherine Salinas]*
CATHERINE M. SALINAS
UNITED STATES MAGISTRATE JUDGE